**STATE of Maine**

v.

**Garry KENNEDY.**

Supreme Judicial Court of Maine.

Argued June 20, 1994.

Decided July 27, 1994.

R. Christopher Almy, Dist. Atty., Jeffrey Silverstein (orally), Asst. Dist. Atty., Bangor, for State.

Amy L. Faircloth (orally), Vafiades, Brountas & Kominsky, Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

GLASSMAN, Justice.

Pursuant to M.R.Crim.P. 11(a)(2) Garry Kennedy appeals from a judgment of conviction entered in the Superior Court (Penobscot County, *Mead, J.*) on his conditional guilty plea to the charge of receiving stolen property, 17–A M.R.S.A. § 359 (1983). Kennedy contends that the trial court erred in denying his motion to suppress from evidence the stolen property seized by police during a search of Kennedy's home. We affirm the judgment.

On December 27, 1992, officers of the Old Town Police Department obtained and executed a warrant authorizing a search of Kennedy's home in Old Town for construction supplies and tools reportedly stolen from an Old Town residence. During the execution of this warrant, the officers observed in plain view an "awful large amount of new merchandise from the Old Town Canoe factory in the residence." Among the items observed were a box of Old Town Canoe stickers and labels, a box of canoe paddles, stacks of canoe seats and wooden thwarts, and a box of Old Town Canoe life jackets. Many of the items were found in the attic of Kennedy's home and were in original boxes. The officers knew that Kennedy had been employed at the Old Town Canoe factory but was, at the time of the search, either laid off or receiving workers' compensation benefits. After the officers observed these items, Sergeant Phil Tardiff telephoned an employee of Old Town Canoe to determine whether the company was aware that Kennedy was in possession of such a large quantity of Old Town Canoe materials. The employee told Sergeant Tardiff that it would be very unusual for Kennedy to have these items but that she would contact her supervisors to inquire further. Thereafter, an unidentified person from Old Town Canoe informed the police

dispatcher that it would be unlikely that Kennedy was authorized to have these items in his possession and the dispatcher relayed this information to Sergeant Tardiff. The officers then seized the items and placed Kennedy under arrest. On January 6, 1993, additional items belonging to Old Town Canoe were seized from Kennedy's residence pursuant to a search warrant.

After Kennedy was indicted for receiving stolen property, 17–A M.R.S.A. § 359 (1983), he moved to suppress from evidence the Old Town Canoe items seized at his residence contending that the December 27, 1992, seizure was unlawful and that the items unlawfully seized could not be used to support the warrant authorizing the January 6, 1993, search. After a hearing, the motion was denied. From the judgment entered on his conditional guilty plea, Kennedy brings this timely appeal.

■ The plain view doctrine permits a warrantless seizure of incriminating evidence if three conditions are met. First, the officer must not have violated the Fourth Amendment in arriving at the place in which the evidence is in plain view. *Horton v. California*, 496 U.S. 128, 136, 110 S.Ct. 2301, 2307–08, 110 L.Ed.2d 112 (1990). Second, the incriminating character of the items to be seized must be immediately apparent. *Id.* Third, the officer must have a lawful right of access to the items. *Id.* at 137, 110 S.Ct. at 2308. It is undisputed that the first and third requirements are met in this case. Kennedy contends that the incriminating nature of the items seized on December 27, 1992, was not immediately apparent because the information obtained from Old Town Canoe employees was not sufficiently reliable to establish probable cause that the items were evidence of a crime. This contention misses the mark.

■ The "immediately apparent" requirement is satisfied if police have probable cause to associate the discovered items with criminal activity. *State v. Harriman*, 467 A.2d 745, 748 n. 3 (Me.1983). *See also United States v. Rutkowski*, 877 F.2d 139, 142 (1st Cir.1989) (incriminating character of object to be seized must be apparent to a probable

cause standard). Probable cause exists when the officers' personal knowledge of facts and circumstances, in combination with any reasonably trustworthy information conveyed to them, would warrant a prudent person to believe that the items to be seized are evidence of a crime. *See State v. Snow*, 527 A.2d 750, 753 (Me.1987). The trial court's determination of the existence of probable cause will be reversed only if clearly erroneous. *Id.*

■ The officers testified that they observed "a box approximately 2 feet by a foot by a foot deep of all the stickers, labels that go on the canoes," "a case of paddles," "a box that had new life jackets sticking out of it," "a lot of the thwarts," and "a stack of plastic seats." Many of the items observed in the attic in Kennedy's home were in the original packaging. The sheer quantity of Old Town Canoe materials suggests that they were not on the premises for ordinary use. The decision of the officers in this case to seek additional information before seizing the evidence does not change the probable cause analysis. The prudent person standard is an objective standard which is not defined by the personal decision of a police officer to do more than was constitutionally required. Accordingly, even without the information obtained from the representatives of Old Town Canoe, the quantity, appearance, and location of the Old Town Canoe items observed by the police officers, coupled with the officers' knowledge that Kennedy was employed by Old Town Canoe, were sufficient to warrant a prudent person to believe that the items were evidence of a crime. *See* 2 Wayne R. LaFave, *Search and Seizure*, § 4.11(b) at 341–42 (2d ed. 1987) ("What is required is some additional showing with respect to the articles seized, such as that ... the quantity and placement of the articles were such that they obviously were not on the scene for ordinary use.").

The entry is:

Judgment affirmed.

All concurring.